UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**       **'O'**

| Case No. | 5:15-cv-01771-CAS(KKx) | Date | October 19, 2015 |
|---|---|---|---|
| Title | RONALD J. COLLINS V. CITY OF COLTON, CALIFORNIA, ET AL. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | |
|---|---|---|
| Catherine Jeang | Laura Elias | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants: |
| Thomas Solmer | | Dana Vessey |

**Proceedings:**    DEFENDANTS' MOTION TO DISMISS (Dkt. 8, September 8, 2015)

DEFENDANTS' MOTION TO STRIKE (Dkt. 10, September 8, 2015).

## I.    INTRODUCTION

On June 9, 2015, plaintiff, Ronald J. Collins ("Collins"), filed the operative First Amended Complaint ("FAC") naming as defendants the City of Colton, California ("Colton"), Jack Morenberg ("Morenberg"), and Does 1 through 30 (collectively, "defendants"). Dkt. 1, Ex. I ("FAC"). The FAC asserts claims for: (1) violations of 42 U.S.C. § 1983; (2) conversion; and (3) intentional infliction of emotional distress.

On September 8, 2015, defendant Colton filed the instant motions to dismiss and to strike portions of the FAC. Dkt. 8; Dkt. 10. On September 25, 2015, plaintiff filed an opposition to the motion to dismiss, Dkt. 13, and a notice of non-opposition to the motion to strike, Dkt. 14. On October 5, 2015, defendants filed a reply in support of their motion to dismiss.

## II.    BACKGROUND

Plaintiff alleges the following facts in the FAC: On or about April 8, 2013, Collins purchased a used Chevrolet truck from Chadwick's Auto Wholesale, a car dealership in Colton, California. FAC ¶ 8. The owner of Chadwick's Auto Wholesale, and the person who sold the truck to Collins, is Scott Chadwick ("Chadwick"). Id. ¶¶ 9-10. At the time Collins purchased the truck, it had approximately 145,000 miles on its odometer. Id. ¶

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**     **'O'**

| Case No. | 5:15-cv-01771-CAS(KKx) | Date | October 19, 2015 |
|---|---|---|---|
| Title | RONALD J. COLLINS V. CITY OF COLTON, CALIFORNIA, ET AL. | | |

13.  Before purchasing the truck, Collins informed Chadwick that he intended to drive the truck back to his permanent home in Mobile, Alabama.  Id. ¶ 17.  Chadwick told Collins that the truck "could make it there and back ten times."  Id.  Collins purchased the truck and drove it off the lot with its California license plates attached.  Id. ¶ 19.

Despite Chadwick's representations, the truck overheated as Collins was driving it back to his hotel in Norco, California.  Id. ¶ 20.  Collins believes that at the time Chadwick sold him the truck it had a broken radiator and that while Collins was driving back to Norco the truck blew a gasket.  Id. ¶ 21.  Collins alleges that he did not notice that the radiator was broken sooner because the radiator had been filled with a product called, or a product similar to, Stop-Leak.  Id. ¶ 22.  Stop-Leak is used to temporarily seal a broken radiator for emergency purposes but, according to Collins, it does not leave the vehicle suitable for ordinary use.  Id.  With a broken radiator and a blown gasket, the truck was only suitable for diving at low speeds for short distances.  Id.

On April 10, 2013, Collins called Chadwick to complain about the problems with the truck and to demand that Chadwick pay to repair the truck.  Id. ¶ 23.  Chadwick refused.  Id.  Subsequently, Collins filed suit in Alabama against Chadwick and Chadwick Auto Wholesale.  Id. ¶ 24.  This suit was dismissed for lack of jurisdiction.  Id. ¶ 25.  On September 4, 2013, Collins sent a letter to Chadwick asserting that the truck had been sold under fraudulent circumstances and demanding relief under the Consumer Legal Remedies Act.  See id. ¶ 26.  Chadwick responded denying Collins' assertion of fraud.  Id. ¶ 27.

Collins believes that, on September 10, 2013, Chadwick made a report to the Colton Police Department that Collins had stolen the license plates that were on the truck.  Id. ¶ 28.  Chadwick told the Colton Police Department that he desired prosecution in connection with his report.  Id.  Defendant Morenberg is a peace officer with the Colton Police Department.  Id. ¶ 7.  Collins believes that Morenberg and Chadwick are acquainted with one another and that, at various times between September 4, 2013 and October 1, 2013, Chadwick and Morenberg met and discussed the circumstances surrounding the purchase of the truck and Chadwick's dispute with Collins.  Id. ¶¶ 31-32.  Collins alleges that Chadwick told Morenberg, among other things, that: (a) Chadwick did not want to spend any more money on lawsuits or attorneys because of Collins; (b) Chadwick wanted Collins to cease pursuing legal action in connection with the truck; and (c) Chadwick generally wanted retaliation against Collins.  Id. ¶ 33.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**          **'O'**

| Case No. | 5:15-cv-01771-CAS(KKx) | Date | October 19, 2015 |
|----------|------------------------|------|------------------|
| Title | RONALD J. COLLINS V. CITY OF COLTON, CALIFORNIA, ET AL. | | |

On October 2, 2013, before 5:30 A.M., Morenberg and two other peace officers from the Colton Police Department arrived at Collins' hotel in Norco, California.  Id. ¶ 34.  Morenberg knocked on Collins' hotel door and asked to speak with Collins.  Id. ¶ 35. Morenberg then accused Collins of stealing the license plates on the truck as well as various other crimes including bribery, perjury, and fraud.  Id. ¶¶ 36, 43-46.  Collins alleges that at all times during this conversation Morenberg knew that these accusations were meritless.  Id. ¶ 46.  Morenberg then seized Collins' truck, as well as various documents inside the truck, and took it to the Colton Police Department impound lot purportedly as evidence of a crime.  Id. ¶¶ 50, 62.  Subsequently plaintiff was charged in the San Bernadino Superior Court with bribery, perjury, and burglary and a warrant was issued for his arrest.  Id. ¶ 64.  On October 17, 2014, these charges were dismissed on the basis of insufficient evidence.  Id. ¶ 65.  Shortly thereafter the truck was released to Collins.  Id.

## III.   LEGAL STANDARD

A motion pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the claims asserted in a complaint.  Under this Rule, a district court properly dismisses a claim if "there is a 'lack of a cognizable legal theory or the absence of sufficient facts alleged under a  cognizable legal theory.' "  Conservation Force v. Salazar, 646 F.3d 1240, 1242 (9th Cir. 2011) (quoting Balisteri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988)).  "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007).  "[F]actual allegations must be enough to raise a right to relief above the speculative level."  Id.

In considering a motion pursuant to Rule 12(b)(6), a court must accept as true all material allegations in the complaint, as well as all reasonable inferences to be drawn from them.  Pareto v. FDIC, 139 F.3d 696, 699 (9th Cir. 1998).  The complaint must be read in the light most favorable to the nonmoving party.  Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001).  However, "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth.  While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations."

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES - GENERAL | | | 'O' |
|---|---|---|---|---|
| Case No. | 5:15-cv-01771-CAS(KKx) | | Date | October 19, 2015 |
| Title | RONALD J. COLLINS V. CITY OF COLTON, CALIFORNIA, ET AL. | | | |

Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009); see Moss v. United States Secret Service, 572 F.3d 962, 969 (9th Cir. 2009) ("[F]or a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief."). Ultimately, "[d]etermining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Iqbal, 556 U.S. at 679.

Unless a court converts a Rule 12(b)(6) motion into a motion for summary judgment, a court cannot consider material outside of the complaint (e.g., facts presented in briefs, affidavits, or discovery materials). In re American Cont'l Corp./Lincoln Sav. & Loan Sec. Litig., 102 F.3d 1524, 1537 (9th Cir. 1996), rev'd on other grounds sub nom Lexecon, Inc. v. Milberg Weiss Bershad Hynes & Lerach, 523 U.S. 26 (1998). A court may, however, consider exhibits submitted with or alleged in the complaint and matters that may be judicially noticed pursuant to Federal Rule of Evidence 201. In re Silicon Graphics Inc. Sec. Litig., 183 F.3d 970, 986 (9th Cir. 1999); see Lee v. City of Los Angeles, 250 F.3d 668, 689 (9th Cir. 2001).

As a general rule, leave to amend a complaint which has been dismissed should be freely granted. Fed. R. Civ. P. 15(a). However, leave to amend may be denied when "the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency." Schreiber Distrib. Co. v. Serv-Well Furniture Co., 806 F.2d 1393, 1401 (9th Cir. 1986).

## IV.   ANALYSIS

### A.   Collins' Section 1983 Claim

The FAC asserts a claim for violation of section 1983 against all defendants. The basis of Collins section 1983 claim is that Morenberg intentionally and wrongfully seized Collin's truck in violation of the Fourth and Fifteenth amendments. FAC ¶¶ 95-96.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**          **'O'**

| Case No. | 5:15-cv-01771-CAS(KKx) | Date | October 19, 2015 |
|---|---|---|---|
| Title | RONALD J. COLLINS V. CITY OF COLTON, CALIFORNIA, ET AL. | | |

### 1.   Plaintiff has failed to adequately allege Monell liability against Colton

To recover damages under section 1983 against a municipality involved in a constitutional violation, a plaintiff must prove a constitutional injury resulting from a "policy, practice, or custom of the local entity." Avalos v. Baca, 517 F.Supp.2d 1156, 1166 (C.D.Cal.2007) (citing Monell v. Dep't of Social Servs., 436 U.S. 658, 694 (1978)). A policy or custom may be shown through: (1) a longstanding practice or custom which constitutes the "standard operating procedure" of the local government entity; (2) the decision of a decision-making official who was, as a matter of state law, a final policymaking authority whose edicts or acts may fairly be said to represent official policy in the area of decision; (3) when an official with final decision-making authority either delegates that authority to, or ratifies the decision of, a subordinate. Menotti v. City of Seattle, 409 F.3d 1113, 1147 (9th Cir.2005).

In order to establish liability for governmental entities under Monell, a plaintiff must prove (1) that the plaintiff possesses a constitutional right of which he was deprived; (2) that the municipality had a policy; (3) that this policy amounts to deliberate indifference to the plaintiff's constitutional right; and (4) that the policy is the moving force behind the constitutional violation. Dougherty v. City of Covina, 654 F.3d 892, 900 (9th Cir.2011). Liability under Monell arises only where a "deliberate choice to follow a course of action is made from among various alternatives" by city policymakers or where a failure to train reflects a "deliberate" or "conscious" choice by a municipality such that it constitutes a "policy." City of Canton v. Harris, 489 U.S. 378, 389 (1989) (internal citations omitted). Moreover, "[p]roof of a single incident of unconstitutional activity is not sufficient to impose liability under Monell, unless proof of the incident includes proof that it was caused by an existing, unconstitutional [local government] policy." Meehan v. Cnty of Los Angeles, 856 F.2d 102, 107 (9th Cir. 1988) (citing City of Oklahoma v. Tuttle, 741 U.S. 808, 823-24 (1985)).

Here, plaintiff's section 1983 allegations are based almost exclusively on the conduct of Morenberg. Plaintiff alleges that it was Morenberg who arrived at his hotel on the morning of October 5, 2013, and that it was Morenberg whose conduct was improperly motivated by his friendship with Chadwick. FAC ¶¶ 33-61. However, while this conduct may give rise to a section 1983 claim against Morenberg, none of these allegations suggest that Collin's suffered a "constitutional injury" resulting from a

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**       **'O'**

| Case No. | 5:15-cv-01771-CAS(KKx) | Date | October 19, 2015 |
|----------|------------------------|------|------------------|
| Title | RONALD J. COLLINS V. CITY OF COLTON, CALIFORNIA, ET AL. | | |

"policy, practice, or custom" of Colton. See Avalos, 517 F.Supp. 2d at 1166. In fact, the FAC makes no reference to any policy, practice, or custom by Colton or the Colton Police Department.

Plaintiff argues that "it *appears* from the facts alleged in the first amended complaint that the City of Colton has a policy of not investigating claims of fraudulent conduct by police officers." Opp'n., at 9. (emphasis added). While Collins cites to no particular allegations to support this argument, a review of the FAC indicates that it alleges only that Morenberg's supervisor knew of his conduct and either expressly or implicitly approved of it. See FAC ¶ 63 ("On or about October 7, 2013, Collins . . . sent a letter to Sergeant Jim Jolliff, Morenberg's superior at the Colton Police Department, advising of the events surrounding the wrongful seizure of the vehicles and documents. Seargent Jolliff acknowledged receipt of the letter . . . and expressed support for Morenberg's actions."); id. ¶ 76 ("Sergeant Joliff, knew of the malicious, oppressive, and fraudulent conduct of Morenberg and either authorized that conduct or adopted or approved that conduct after it occurred."). However, these allegations speak only to the conduct of one sergeant in the Colton Police Department. The fact that a single sergeant may have known of Morenberg's conduct and approved of it is insufficient, without more, to plead municipal liability under Monell and its progeny. See Meehan, 856 F.2d at 107 ("[p]roof of a single incident of unconstitutional activity is not sufficient to impose liability under Monell, unless proof of the incident includes proof that it was caused by an existing, unconstitutional [local government] policy.").

Accordingly, defendants' motion to dismiss plaintiff's claim for violations of section 1983 against defendant Colton is GRANTED without prejudice.

> **2.    Plaintiff has adequately pled a claim for violation of section 1983 against Morenberg**

Defendants argue that the filing of criminal charges against Collins constitutes an independent intervening act, thereby cutting off liability against Morenberg for his alleged violation of section 1983. Mot., at 6. In Smiddy v. Varney, 665 F.2d 261, 266 (9th Cir. 1981) ("Smiddy"), the Ninth Circuit held that the "filing of a criminal complaint immunizes investigating officers . . . from damages suffered thereafter because it is presumed that the prosecutor filing the complaint exercised independent judgment in

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**          **'O'**

| Case No. | 5:15-cv-01771-CAS(KKx) | Date | October 19, 2015 |
|---|---|---|---|
| Title | RONALD J. COLLINS V. CITY OF COLTON, CALIFORNIA, ET AL. | | |

determining that probable cause for an accused's arrest exists at that time." Accordingly, if a prosecutor reaches an independent decision to press charges, that is considered an independent intervening act which cuts off a police officer's liability for a violation of section 1983. See id. Moreover, the court in Smiddy adopted a presumption that "the prosecutor filing the complaint exercised independent judgment in determining that probable cause for an accused's arrest exists at that time." Id. Defendants' argue that, because it is undisputed that subsequent to Morenberg's alleged misconduct, criminal charges were brought against Collins, the section 1983 claim against Morenberg should be dimissed under Smiddy. Mot., at 6. The Court disagrees.

First, the rule in Smiddy only applies if the prosecutor exercises independent judgment in initiating criminal charges. Smiddy, at 266. While Smiddy establishes a presumption that prosecutors exercise independent judgment, this presumption may be rebutted. Id. The Ninth Circuit provided a non-exhaustive list of ways in which the presumption may be rebutted. Id. at 266-67. For example, "the presentation by the officers to the district attorney of information known by them to be false will rebut the presumption." Id. Here, Collins alleges that "Morenberg intentionally manufactured, misrepresented, and concealed material facts with the intent to harm Collins." FAC ¶ 57. And Collins alleges that Morenberg intentionally and falsely accused him of several crimes and that based on these accusations Collins' truck was impounded by the Colton Police Department as evidence of a crime. Id. ¶ 62. These allegations raise at least a plausible claim that Morenberg presented "false information" to support criminal charges against Collins.

Moreover, even if Collins cannot rebut the Smiddy presumption, the Ninth Circuit expressly stated that the filing of criminal charges only cuts off liability for damages suffered *after* charges are filed. Smiddy, at 268 ("We hold that the defendants are liable for the damage suffered from the time of Smiddy's arrest until the district attorney filed the charges"). Here, Collins alleges that his truck and various documents were seized some time before criminal charges were filed. See FAC ¶ 64. At a minimum, Collins suffered damages from the loss of his vehicle during the period between October 5, 2013 — when the truck was seized — and the initiation of criminal charges. These damages may still potentially be recovered even if Smiddy cuts of Morenberg's liability for the period after charges were initiated.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**          **'O'**

| Case No. | 5:15-cv-01771-CAS(KKx) | Date | October 19, 2015 |
|---|---|---|---|
| Title | RONALD J. COLLINS V. CITY OF COLTON, CALIFORNIA, ET AL. | | |

Accordingly, defendants' reliance on Smiddy is not well founded.  The Court therefore DENIES defendants motion to dismiss plaintiff's section 1983 claims against Morenberg.

**B.      Collins' State Law Claims**

**1.      State Law Immunities**

**a.      Plaintiff has identified a statutory basis for liability against Colton**

Under California law, public entity liability is governed entirely by statute.  See Cal. Gov. Code § 815 ("*Except as otherwise provided by statute*: (a) A public entity is not liable for an injury, whether such injury arises out of an act or omission of the public entity or a public employee or any other person.") (emphasis added).  Accordingly, in order to hold a public entity liable a plaintiff must identify a California statute which permits that entity to be held liable.

Collins alleges that Colton is liable pursuant to California Government Code section 815.2(a).  Pursuant to section 815.2(a),  "[a] public entity is liable for injury proximately caused by an act or omission of an employee of the public entity within the scope of his employment if the act or omission would, apart from this section, have given rise to a cause of action against that employee."  Defendants argue that section 815.2 is not itself a statutory basis for liability; rather, defendants contend that a plaintiff must identify an independent statutory basis for liability against the employee of the public entity.  Mot., at 8-9.  However, defendants misstate the law.

Section 815.2 is a vicarious liability statute that permits a public entity to be liable for the actions of its employees to the same extent as a private employer.  See Robinson v. Solano County, 278 F.3d 1007, 1016 (9th Cir.2002) (en banc) ("California ... has rejected the Monell rule and imposes liability on counties under the doctrine of respondeat superior for acts of county employees; it grants immunity to counties only where the public employee would also be immune"); see also Scott v. County of Los Angeles, 27 Cal. App. 4th 125, 139–40 (1994) ("Under Government Code section 815.2, subdivision (a), the County is liable for acts and omissions of its employees under the doctrine of respondeat superior to the same extent as a private employer.  Under

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**          **'O'**

| Case No. | 5:15-cv-01771-CAS(KKx) | Date | October 19, 2015 |
|---|---|---|---|
| Title | RONALD J. COLLINS V. CITY OF COLTON, CALIFORNIA, ET AL. | | |

subdivision (b), the County is immune from liability if, and only if, [the employee] is immune.") (emphasis omitted).

Accordingly, pursuant to section 815.2, Colton may be held liable under a theory of respondeat superior for the actions of its employee, Morenberg.  However, under California law Colton may still be immune from liability to the extent Morenberg would be immune.  See Cal. Gov. Code § 815.2(b) ("Except as otherwise provided by statute, a public entity is not liable for an injury resulting from an act or omission of an employee of the public entity where the employee is immune from liability.").  Therefore, the Court must determine if there is any basis by which Morenberg is immune from liability.

### b.      Defendants do not have discretionary immunity

Defendants assert that Morenberg has discretionary immunity.  Pursuant to Cal Gov Code Section 820.2: "Except as otherwise provided by statute, a public employee is not liable for an injury resulting from his act or omission where the act or omission was the result of the exercise of the discretion vested in him, whether or not such discretion be abused.

Defendants argue that all of Morenberg's actions fall within the discretion vested in him as a peace officer with the Colton Police Department.  They also argue that, pursuant to California Vehicle Code section 22655.5(b), an officer "*may* remove a motor vehicle . . . from public or private property . . . when . . . a peace officer has probable cause to believe that the vehicle is itself evidence which tends to show that a crime has been committed." (emphasis added).  Defendants argue that this provision vests peace officers, like Morenberg, with the discretion to impound a vehicle as evidence of a crime. Accordingly, defendants argue that since all of Morenberg's alleged conduct falls within the discretion vested in him by either California statutes or his position with the Colton Police Department, and since section 820.2 provides public employees with immunity even for acts which constitute an abuse of discretion, defendants argue that Morenberg cannot be held liable for the conduct alleged in the FAC.  Mot., at 11-12.

However, defendants interpret the scope of section 820.2 immunity too broadly. "The immunity [under section 820.2] does not apply to all acts by public employees within the literal meaning of the term 'discretionary.'  Rather, the immunity is more limited."  Gillan v. City of San Marino, 177 Cal. App. 4th 1033, 1051 (2007).  California

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**        **'O'**

| Case No. | 5:15-cv-01771-CAS(KKx) | Date | October 19, 2015 |
|---|---|---|---|
| Title | RONALD J. COLLINS V. CITY OF COLTON, CALIFORNIA, ET AL. | | |

courts have explained the appropriate scope of discretionary immunity as follows: "A 'workable definition' of immune discretionary acts draws the line between 'planning' and 'operational' functions of government. Immunity is reserved for those 'basic policy decisions [which have] ... been [expressly] committed to coordinate branches of government,' and as to which judicial interference would thus be 'unseemly.' " Id. (citing Johnson v. State of California, 69 Cal.2d 782, 793, 794 (1968).

Accordingly, Morenberg is only immune if his decision to seize Collins' truck constituted a "basic policy decision." The Ninth Circuit, has held that "[a]s a matter of law, section 820.2 immunity does not apply to an officer's decision to detain or arrest a suspect." Liberal v. Estrada, 632 F.3d 1064, 1068 (9th Cir. 2011). The Ninth Circuit reasoned that these decisions do not constitute "basic policy decisions," but rather merely "operational decisions" within the scope of the police officer's duties. Id. Similarly, courts have found that the decision to search "is not a 'basic policy decision' of [the] type this statute is designed to protect." Smith v. City of Santa Clara, 2013 WL 164191, at *12 (N.D. Cal. Jan 15, 2013); see also Trujillo v. City of Ontario, 428 F. Supp. 2d 1094, 1123 (C.D. Cal. 2006) (Section 820.2 does not apply to decisions involving surveillance because "[r]outine discretionary decisions as part of a person's normal job duties are not covered by this immunity.").

The Court finds that Morenberg's decision to seize Collins' truck does not constitute a "basic policy decision" within the scope of section 820.2. Rather, like the decision to arrest or search, the decision to seize property is more in the nature of an "operational decision" and therefore is not immune under section 820.2. See also Gillan, 177 Cal. App. 4th at 1051 ("The decision to arrest Gillan was not a basic policy decision, but only an operational decision by the police purporting to apply the law. The immunity provided by Government Code section 820.2 therefore does not apply.").

### c.    Defendants do not have investigative immunity

Defendants next assert that Morenberg has investigative immunity. Mot., at 9. Pursuant to California Government Code section 821.6, "[a] public employee is not liable for injury caused by his instituting or prosecuting any judicial or administrative proceeding within the scope of his employment, even if he acts maliciously and without probable cause." Defendants argue that Morenberg is immune under section 821.6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**         **'O'**

| Case No. | 5:15-cv-01771-CAS(KKx) | Date | October 19, 2015 |
|---|---|---|---|
| Title | RONALD J. COLLINS V. CITY OF COLTON, CALIFORNIA, ET AL. | | |

because all of his alleged conduct was done in furtherance of investigating a citizen complaint that Collin's had committed a crime.  Mot., at 10-11.

Section 821.6 immunity " 'extends to actions taken in preparation for formal proceedings,' including actions 'incidental to the investigation of crimes.' " <u>Blankenhorn v. City of Orange</u>, 485 F.3d 463, 488 (9th Cir. 2007) (citing <u>Amylou R. v. Cnty of Riverside</u>, 28 Cal. App. 4th 1205, 1210-11 (1994)).  "Even so, section 821.6, as it applies to police conduct, is limited to actions taken in the course or as a consequence of an investigation."  <u>Id.</u>  Accordingly, the Ninth Circuit has held that "alleged tortious conduct [that] occurred during an arrest, not an investigation . . . is not the sort of conduct to which section 821.6 immunity has been held to apply."  <u>Id.</u>  Similarly, in <u>Warren v. Marcus</u>, the Court found that "Defendant's conduct at issue in this case — alleged excessive force and *unlawful seizure* — is 'not the sort of conduct to which section 821.6 immunity has been held to apply.' " 78 F. Supp. 3d 1228, 1250 (N.D. Cal. Jan. 29, 2015) (emphasis added) (citing <u>Blankenhorn</u>, 485 F.3d at 488).

Here, Collins alleges that Morenberg arrived at his hotel with the intention of retaliating against him on behalf of Chadwick, and that Morenberg unlawfully seized Collins' truck as evidence of crimes he was aware Collins had not committed.  Assuming all of the allegations in the FAC to be true, the Court cannot find that Morenberg's seizure of Collins' truck was "incidental to the investigation of crimes" committed by Collins.  <u>Amylou R.</u>, 28 Cal. App. 4th at 1211.  Accordingly, like the courts in <u>Blankenhorn</u> and <u>Warren</u>, the Court finds that Morenberg's unlawful seizure of Collin's truck is "not the sort of conduct to which section 821.6 immunity has been held to apply." <u>Blankenhorn</u>, 485 F.3d at 488; <u>Warren</u>, 78 F. Supp. 3d at 1250.

### d.      Defendants do not have act of another immunity

Finally, defendants assert that Morenberg has immunity from harms caused by the acts or omission of others.  Mot., at 13.  Pursuant to California Government Code section 820.8, "[e]xcept as otherwise provided by statute, a public employee is not liable for an injury caused by the act or omission of another person."  However, the statute also states that  "[n]othing in this section exonerates a public employee from liability for injury proximately caused by his own negligent or wrongful act or omission."  Cal. Gov. Code § 820.8.  Defendants assert that the filing of criminal charges subsequent to the seizure of

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**           **'O'**

| Case No. | 5:15-cv-01771-CAS(KKx) | Date | October 19, 2015 |
|---|---|---|---|
| Title | RONALD J. COLLINS V. CITY OF COLTON, CALIFORNIA, ET AL. | | |

Collins' truck constitutes an independent act cutting off defendants' tort liability under section 820.8.  Mot., at 13.

This argument is similar to defendants argument regarding Smiddy; however, like Smiddy, defendants reliance on section 820.8 is misplaced.  Section 820.8 only provides immunity for injuries caused by "another person"; section 820.8 provides no immunity for actions caused by a public employees "*own* negligent or wrongful act or omission." Cal. Gov. Code § 820.8 (emphasis added).  Here, the FAC asserts that "Morenberg's conduct . . . in seizing the vehicle and documents was a substantial factor in causing Collins's severe emotional distress."  FAC ¶¶ 87-91.  Thus, independent of any injury caused by the filing of criminal charges, Collins alleges that Morenberg caused him to suffer injury by the very act of seizing the truck.  Moreover, even if the filing of criminal charges were to cut off liability for injuries suffered thereafter, as already stated, plaintiff alleges that he suffered harm from the loss of his truck beginning on October 5, 2013, some time before criminal charges were filed.  Therefore, at a minimum, section 820.8 does not exonerate Morenberg from liability for injuries Collins' suffered before criminal charges were filed.

Accordingly, because Morenberg is not immune from liability for the conduct alleged in the FAC, the Court turns to the merits of Collins' state law claims.

**2.      Plaintiff Has Failed to Adequately Plead Conversion**

The FAC asserts a claim for conversion against defendants based on the allegedly unlawful seizure of his truck.  "The elements of a claim for conversion are (1) the plaintiff's ownership or right to possession of the property at the time of the conversion, (2) the defendant's conversion by a wrongful act or disposition of property rights, and (3) damages [resulting from the conversion]."  Oakdale Vill. Group v. Fong, 43 Cal. App. 4th 539, 543–44 (1996).  Moreover, conversion requires a showing of "an intention or purpose to convert the goods and to exercise ownership over them, or to prevent the owner from taking possession of his property."  Zaslow v. Kroenert, 29 Cal. 2d 541, 550 (1946).

Here, Collins alleges that after Morenberg seized his truck, "the truck was taken to the Colton Police Department's impound lot and held as evidence."  FAC ¶ 62.  This conduct does not suggest an intent to exercise ownership or dispossess Collins of his

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**            **'O'**

| Case No. | 5:15-cv-01771-CAS(KKx) | Date | October 19, 2015 |
|---|---|---|---|
| Title | RONALD J. COLLINS V. CITY OF COLTON, CALIFORNIA, ET AL. | | |

rights in the truck.  In <u>Jordan v. Talbot</u>, a landlord removed the furniture and personal effects from the apartment of a tenant who was delinquent on her rent.  55 Cal. 2d 597, 601 (1961).  The landlord placed the tenants property in a warehouse under the tenants' name, but did not make any use of the property or make any claim of ownership to the property.  <u>Id.</u>  The California Supreme Court found that there had been no "substantial interference" in the tenant's right to her property and therefore the landlords' conduct did not constitute conversion.  <u>Id.</u> at 610.  Similarly, here defendants simply held the truck at the impound lot as evidence of a crime.  They made no attempt to use the truck or exercise ownership over it, and once it was no longer needed as evidence of a crime the truck was returned to Collins.  <u>See</u> FAC ¶ 65.  Accordingly, as in <u>Jordan</u>, the conduct Collins alleges did not "substantially interfere" with his rights to the truck and therefore does not constitute conversion.  The Court, therefore, GRANTS defendants' motion to dismiss plaintiff's claim for conversion against all defendants without prejudice.

### 3.    Plaintiff has Adequately Pled Intentional Infliction of Emotional Distress

The FAC asserts a claim for intentional infliction of emotional distress.  A claim for intentional infliction of emotional distress consists of: "(1) extreme and outrageous conduct by the defendant with the intention of causing, or reckless disregard of the probability of causing, emotional distress; (2) the plaintiff's suffering severe or extreme emotional distress; and (3) actual and proximate causation of the emotional distress by the defendant's outrageous conduct."  <u>Christensen v. Superior Court</u>, 54 Cal.3d 868, 903 (1991); see also <u>Dove v. PNS Stores, Inc.</u>, 982 F.Supp. 1420, 1424 (C.D.Cal.1997).  Here, Collins' alleges that defendants conduct in seizing his truck caused him to suffer severe emotional distress.  FAC ¶¶ 87-91.  Moreover, Collins' alleges that roughly twenty-five years ago he was involved in an accident in which he suffered severe brain trauma.  As a result of this accident Collins contends that he "appears particularly vulnerable due to highly apparent physical disabilities and a slow pattern of speech resembling that of a mentally disabled person."  FAC ¶¶ 38, 67.  Collins asserts that after the incident with Morenberg he suffered several seizures as well as other "serious medical complications."  <u>Id.</u> ¶ 68.

To state a claim for intentional infliction of emotional distress, the alleged "conduct must be outrageous, i.e., beyond all bounds of decency; ordinary rude or insulting behavior is not enough to justify an award of damages."  5 Witkin, Summ. Cal.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**          **'O'**

| Case No. | 5:15-cv-01771-CAS(KKx) | Date | October 19, 2015 |
|---|---|---|---|
| Title | RONALD J. COLLINS V. CITY OF COLTON, CALIFORNIA, ET AL. | | |

Law Torts § 451 (10th ed. 2005). "Behavior may be considered outrageous if a defendant (1) abuses a relation or position which gives him power to damage the plaintiff's interest; (2) knows the plaintiff is susceptible to injuries through mental distress; or (3) acts intentionally or unreasonably with the recognition that the acts are likely to result in illness through mental distress." Cole v. Fair Oaks Fire Protection Dist., 43 Cal. 3d 148, 155, n.7 (1987).  Here, Collins alleges that Morenberg abused his position of power as a police officer to impound Collins' truck and threaten him with criminal charges.  Furthermore, Collins' alleges that due to his accident it was "highly apparent" that he had a physical disability and accordingly that it was very likely that Morenberg's conduct would result in serious mental distress.  Moreover, plaintiff alleges that Morenberg's conduct directly caused him to suffer multiple seizures as well as emotional and physical harm.  Therefore, Collins has alleged that defendants were a proximate cause of his "severe or extreme emotional distress."   See also Fletcher v. Western Nat. Life Ins. Co., 10 Cal. App. 3d 376, 397 (1970) ("[T]he requisite emotional distress may consist of any highly unpleasant mental reaction such as fright, grief, shame, humiliation, embarrassment, anger, chagrin, disappointment or worry.").

Accordingly, defendants motion to dismiss Collins claim for intentional infliction of emotional distress is DENIED.

**C.    Defendants' Motion to Strike**

Defendants have also filed a motion to strike portions of the FAC.  Dkt. 10. Specifically, defendants seek to strike the FAC's request for punitive and exemplary damages against defendant Colton.  Id.  Plaintiff does not oppose this motion.  Dkt. 14. Pursuant to California Government Code section 818, "[n]otwithstanding any other provision of law, a public entity is not liable for damages awarded under Section 3294 of the Civil Code or other damages imposed primarily for the sake of example and by way of punishing the defendant."  This provision shields public entities in California from liability for punitive damages.  See United Nat. Maintenance, Inc. v. San Diego Convention Center, Inc., 766 F.3d 1002, 1012 (9th Cir. 2014) ("In California, a public entity is not liable for punitive damages.") (citing Cal. Gov. Code § 818).

Accordingly, as a public entity may not be sued for punitive damages under California law, the Court GRANTS defendants motion to strike.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**        **'O'**

| Case No. | 5:15-cv-01771-CAS(KKx) | Date | October 19, 2015 |
|---|---|---|---|
| Title | RONALD J. COLLINS V. CITY OF COLTON, CALIFORNIA, ET AL. | | |

## V.    CONCLUSION

In accordance with the foregoing defendants' motion to dismiss the FAC is
**DENIED in part and GRANTED in part**.  Plaintiff is hereby granted **thirty (30) days**
in which to cure the defects in the FAC identified herein.  Failure to do so may result in
dismissal of plaintiff's claims with prejudice.  Furthermore, defendants' motion to strike
plaintiff's request for punitive damages as against defendant Colton is **GRANTED**.

IT IS SO ORDERED.

|   | 00 | : | 05 |
|---|---|---|---|
| Initials of Preparer | | CMJ | |