1   CHRISTOPHER M. PISANO, Bar No. 192831
    christopher.pisano@bbklaw.com
2   DANA M. VESSEY, Bar No. 280798
    dana.vessey@bbklaw.com
3   BEST BEST & KRIEGER LLP
    300 South Grand Avenue, 25th Floor
4   Los Angeles, CA 90071
    Telephone: (213) 617-8100
5   Fax: (213) 617-7480

6   Attorneys for Defendants
    CITY OF COLTON and
7   JACK MORENBERG

8

9                  UNITED STATES DISTRICT COURT

10                 CENTRAL DISTRICT OF CALIFORNIA

11

12  RONALD J. COLLINS,                  Case No.  5:15-CV-01771-CAS(KKx)
                                        Judge:  Hon. Christina A. Snyder
13            Plaintiff,
                                        **DEFENDANT CITY OF
14       v.                             COLTON'S ANSWER TO
                                        PLAINTIFF'S FIRST AMENDED
15  CITY OF COLTON, CALIFORNIA, a       COMPLAINT**
    public entity; JACK MORENBERG,
16  an individual; and DOES 1 through
    30, inclusive,
17
              Defendants.
18

19

20

21

22

23

24

25

26

27

28

23152.04295\22528916.1                          Case No. 5:15-CV-01771-CAS(KKx)

DEFENDANT CITY OF COLTON'S ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT

Defendant City of Colton (the "City"), hereby answers Plaintiffs' First Amended Complaint as follows:

## **GENERAL ALLEGATIONS**
## **COMMON TO ALL CAUSES OF ACTION**

1.    In response to paragraph 1 of the First Amended Complaint, the City does not have sufficient knowledge or information to form a belief as to the truth of the allegations set forth therein, and on that basis denies the allegations.

2.    In response to paragraph 2 of the First Amended Complaint, the City does not have sufficient knowledge or information to form a belief as to the truth of the allegations set forth therein, and on that basis denies the allegations.

3.    In response to paragraph 3 of the First Amended Complaint, the City admits the City of Colton, California is a local public entity in San Bernardino County, California.

4.    In response to paragraph 4 of the First Amended Complaint, the City admits Jack Morenberg is an individual who is a resident of California.

5.    a)    In response to paragraph 5(a) of the First Amended Complaint, the City does not have sufficient knowledge or information to form a belief as to the truth of the allegations set forth therein, and on that basis denies the allegations.

b)    In response to paragraph 5(b) of the First Amended Complaint, the City does not have sufficient knowledge or information to form a belief as to the truth of the allegations set forth therein, and on that basis denies the allegations.

6.    In response to paragraph 6 of the First Amended Complaint, the City admits Defendant Jack Morenberg is an employee of the City of Colton, but otherwise denies the remaining allegations.

7.    In response to paragraph 7 of the First Amended Complaint, the City admits Defendant Jack Morenberg is a peace officer with the Colton Police Department and admits the City is his employer.

8.    In response to paragraph 8 of the First Amended Complaint, the City does not have sufficient knowledge or information to form a belief as to the truth of the allegations set forth therein, and on that basis denies the allegations.

9.    In response to paragraph 9 of the First Amended Complaint, the City does not have sufficient knowledge or information to form a belief as to the truth of the allegations set forth therein, and on that basis denies the allegations.

10.    In response to paragraph 10 of the First Amended Complaint, the City does not have sufficient knowledge or information to form a belief as to the truth of the allegations set forth therein, and on that basis denies the allegations.

11.    In response to paragraph 11 of the First Amended Complaint, the City does not have sufficient knowledge or information to form a belief as to the truth of the allegations set forth therein, and on that basis denies the allegations.

12.    In response to paragraph 12 of the First Amended Complaint, the City does not have sufficient knowledge or information to form a belief as to the truth of the allegations set forth therein, and on that basis denies the allegations.

13.    In response to paragraph 13 of the First Amended Complaint, the City does not have sufficient knowledge or information to form a belief as to the truth of the allegations set forth therein, and on that basis denies the allegations.

14.    In response to paragraph 14 of the First Amended Complaint, the City does not have sufficient knowledge or information to form a belief as to the truth of the allegations set forth therein, and on that basis denies the allegations.

15.    In response to paragraph 15 of the First Amended Complaint, the City does not have sufficient knowledge or information to form a belief as to the truth of the allegations set forth therein, and on that basis denies the allegations.

16.    In response to paragraph 16 of the First Amended Complaint, the City does not have sufficient knowledge or information to form a belief as to the truth of the allegations set forth therein, and on that basis denies the allegations.

17.     In response to paragraph 17 of the First Amended Complaint, the City does not have sufficient knowledge or information to form a belief as to the truth of the allegations set forth therein, and on that basis denies the allegations.

18.     In response to paragraph 18 of the First Amended Complaint, the City does not have sufficient knowledge or information to form a belief as to the truth of the allegations set forth therein, and on that basis denies the allegations.

19.     In response to paragraph 19 of the First Amended Complaint, the City does not have sufficient knowledge or information to form a belief as to the truth of the allegations set forth therein, and on that basis denies the allegations.

20.     In response to paragraph 20 of the First Amended Complaint, the City does not have sufficient knowledge or information to form a belief as to the truth of the allegations set forth therein, and on that basis denies the allegations.

21.     In response to paragraph 21 of the First Amended Complaint, the City does not have sufficient knowledge or information to form a belief as to the truth of the allegations set forth therein, and on that basis denies the allegations.

22.     In response to paragraph 22 of the First Amended Complaint, the City does not have sufficient knowledge or information to form a belief as to the truth of the allegations set forth therein, and on that basis denies the allegations.

23.     In response to paragraph 23 of the First Amended Complaint, the City does not have sufficient knowledge or information to form a belief as to the truth of the allegations set forth therein, and on that basis denies the allegations.

24.     In response to paragraph 24 of the First Amended Complaint, the City does not have sufficient knowledge or information to form a belief as to the truth of the allegations set forth therein, and on that basis denies the allegations.

25.     In response to paragraph 25 of the First Amended Complaint, the City does not have sufficient knowledge or information to form a belief as to the truth of the allegations set forth therein, and on that basis denies the allegations.

26.   In response to paragraph 26 of the First Amended Complaint, the City does not have sufficient knowledge or information to form a belief as to the truth of the allegations set forth therein, and on that basis denies the allegations.

27.   In response to paragraph 27 of the First Amended Complaint, the City does not have sufficient knowledge or information to form a belief as to the truth of the allegations set forth therein, and on that basis denies the allegations.

28.   In response to paragraph 28 of the First Amended Complaint, the City admits that Chadwick made a report to Officer Smith of the Colton Police Department and indicated he desired prosecution in connection therewith.  The City does not have sufficient knowledge or information to form a belief as to the truth of the remaining allegations set forth therein, and on that basis denies the allegations.

29.   In response to paragraph 29 of the First Amended Complaint, the City admits that Officer Smith referred the complaint for further investigation.  The City does not have sufficient knowledge or information to form a belief as to the truth of the remaining allegations set forth therein, and on that basis denies the allegations.

30.   In response to paragraph 30 of the First Amended Complaint, the City does not have sufficient knowledge or information to form a belief as to the truth of the allegations set forth therein as phrased, and on that basis denies the allegations.

31.   In response to paragraph 31 of the First Amended Complaint, the City admits that Defendant Jack Morenberg encountered Chadwick during prior investigations of alleged criminal activity at Chadwick Auto Wholesale.  The City denies the remaining allegations.

32.   In response to paragraph 32 of the First Amended Complaint, the City admits that between September 4, 2013 and October 1, 2013, Chadwick and Morenberg met and discussed the circumstances surrounding Collins's purchase of the truck and the subsequent dispute between Collins and Chadwick, in connection with the investigation into Chadwick's complaint.

33.    In response to paragraph 33 of the First Amended Complaint, the City admits Chadwick told Morenberg Collins had sued Chadwick.  The City denies the remaining allegations.

34.    In response to paragraph 34 of the First Amended Complaint, the City admits that on October 2, 2013, Defendant Jack Morenberg went to the Howard Johnson in Norco and arranged for the tow of Collins' truck as evidence pursuant to Vehicle Code Section 22655.5.  The City does not have sufficient knowledge or information to form a belief as to the truth of the remaining allegations set forth therein, and on that basis denies the allegations.

35.    In response to paragraph 35 of the First Amended Complaint, the City admits that Defendant Jack Morenberg made contact with Collins on the morning of October 2, 2013 by knocking on the door, which was answered by Collins who consented to speaking with him.  The City does not have sufficient knowledge or information to form a belief as to the truth of the remaining allegations set forth therein, and on that basis denies the allegations.

36.    In response to paragraph 36 of the First Amended Complaint, the City admits Defendant Jack Morenberg recorded the interview with Collins on the morning of October 2, 2013 and informed Collins he was impounding the truck as evidence, citing the commission of burglary and perjury.  The City denies the remaining allegations.

37.    In response to paragraph 37 of the First Amended Complaint, the City denies each and every allegation set forth therein.

38.    In response to paragraph 38 of the First Amended Complaint, the City does not have sufficient knowledge or information to form a belief as to the truth of the allegations set forth therein, and on that basis denies the allegations.

39.    In response to paragraph 39 of the First Amended Complaint, the City admits Detective Morenberg questioned Collins regarding offering a bribe to lie about the condition of the truck.  The City denies the remaining allegations.

40.    In response to paragraph 40 of the First Amended Complaint, the City does not have sufficient knowledge or information to form a belief as to the truth of the allegations set forth therein, and on that basis denies the allegations.

41.    In response to paragraph 41 of the First Amended Complaint, the City does not have sufficient knowledge or information to form a belief as to the truth of the allegations set forth therein, and on that basis denies the allegations.

42.    In response to paragraph 42 of the First Amended Complaint, the City admits Defendant Morenberg's report contained notes of Defendant Morenberg's interview with Boyd.  The City denies the remaining allegations.

43.    In response to paragraph 43 of the First Amended Complaint, the City does not have sufficient knowledge or information to form a belief as to the truth of the allegations set forth therein, and on that basis denies the allegations.

44.    In response to paragraph 44 of the First Amended Complaint, the City admits that Defendant Jack Morenberg questioned Collins about signing a statement of facts under oath with untrue statements.   The City denies the remaining allegations set forth therein.

45.    In response to paragraph 45 of the First Amended Complaint, the City denies each and every allegation set forth therein.

46.    In response to paragraph 46 of the First Amended Complaint, the City denies each and every allegation set forth therein.

47.    In response to paragraph 47 of the First Amended Complaint, the City denies each and every allegation set forth therein.

48.    In response to paragraph 48 of the First Amended Complaint, the City denies each and every allegation set forth therein.

49.    In response to paragraph 49 of the First Amended Complaint, the City admits the allegations set forth therein.

50.    In response to paragraph 50 of the First Amended Complaint, the City admits the allegations set forth therein.

51.	In response to paragraph 51 of the First Amended Complaint, the City denies each and every allegation set forth therein.

52.	In response to paragraph 52 of the First Amended Complaint, the City denies each and every allegation set forth therein.

53.	In response to paragraph 53 of the First Amended Complaint, the City denies each and every allegation set forth therein.

54.	In response to paragraph 54 of the First Amended Complaint, the City denies each and every allegation set forth therein.

55.	In response to paragraph 55 of the First Amended Complaint, the City admits that Defendant Jack Morenberg did not arrest Collins.  The City denies the remaining allegations set forth therein.

56.	In response to paragraph 56 of the First Amended Complaint, the City denies each and every allegation set forth therein.

57.	In response to paragraph 57 of the First Amended Complaint, the City denies each and every allegation set forth therein.

58.	In response to paragraph 58 of the First Amended Complaint, the City denies each and every allegation set forth therein.

59.	In response to paragraph 59 of the First Amended Complaint, the City denies each and every allegation set forth therein.

60.	In response to paragraph 60 of the First Amended Complaint, the City denies each and every allegation set forth therein.

61.	In response to paragraph 61 of the First Amended Complaint, the City denies each and every allegation set forth therein.

62.	In response to paragraph 62 of the First Amended Complaint, the City admits the truck was taken to the Colton Police Department's impound lot and held as evidence.  The City denies the remaining allegations.

63.	In response to paragraph 63 of the First Amended Complaint, the City admits that Collins, through his counsel, transmitted a letter to Sergeant Jim Jolliff

1   and that Sergeant Jolliff, in a telephone call, later expressed support for the

2   methodology used by Detective Morenberg.  The City does not have sufficient

3   knowledge or information to form a belief as to the truth of the remaining

4   allegations set forth therein, and on that basis denies the allegations.

5       64.    In response to paragraph 64 of the First Amended Complaint, the City

6   admits that Collins was charged by criminal complaint in the San Bernardino

7   Superior Court with bribery, perjury and burglary, and admits a warrant was issued

8   for Collins's arrest.  The City denies the remaining allegations set forth therein.

9       65.    In response to paragraph 65 of the First Amended Complaint, the City

10  admits the charges against Collins were dismissed on October 17, 2014 and the

11  vehicle was subsequently released by the authority of the prosecutor.  The City does

12  not have sufficient knowledge or information to form a belief as to the truth of the

13  allegations set forth therein, and on that basis denies the allegations.

14      66.    In response to paragraph 66 of the First Amended Complaint, the City

15  denies each and every allegation set forth therein.

16      67.    In response to paragraph 67 of the First Amended Complaint, the City

17  does not have sufficient knowledge or information to form a belief as to the truth of

18  the allegations set forth therein, and on that basis denies the allegations.

19      68.    In response to paragraph 68 of the First Amended Complaint, the City

20  denies each and every allegation set forth therein.

21      69.    In response to paragraph 69 of the First Amended Complaint, the City

22  denies each and every allegation set forth therein.

23      70.    In response to paragraph 70 of the First Amended Complaint, the City

24  denies each and every allegation set forth therein.

25      71.    In response to paragraph 71 of the First Amended Complaint, the City

26  denies each and every allegation set forth therein.

27      72.    In response to paragraph 72 of the First Amended Complaint, the City

28  denies each and every allegation set forth therein.

73.     In response to paragraph 73 of the First Amended Complaint, the City denies each and every allegation set forth therein.

74.     In response to paragraph 74 of the First Amended Complaint, the City denies each and every allegation set forth therein.

75.     In response to paragraph 75 of the First Amended Complaint, the City denies each and every allegation set forth therein.

76.     In response to paragraph 76 of the First Amended Complaint, the City denies each and every allegation set forth therein.

77.     In response to paragraph 77 of the First Amended Complaint, the City admits that Collins submitted a Government Claims Form to the City of Colton. The City does not have sufficient knowledge or information to form a belief as to the truth of the remaining allegations set forth therein, and on that basis denies the allegations.

78.     In response to paragraph 78 of the First Amended Complaint, the City admits that on or about August 12, 2014, the City of Colton denied the government claim by letter to Collins's counsel.

## **FIRST CAUSE OF ACTION**

(Conversion against All Defendants)

79.     Paragraph 79 does not require a response as it reincorporates prior paragraphs in the First Amended Complaint.   To the extent that a response is required, the City incorporates each of the prior responses set forth in Paragraphs 1-78 as though fully set forth herein.

80.     In response to paragraph 80 of the First Amended Complaint, the City notes that a motion to dismiss this cause of action was granted with leave to amend on October 19, 2015 and was not timely amended, and as such does not require a response.   To the extent a response is required, the City denies each and every allegation set forth therein.

81.     In response to paragraph 81 of the First Amended Complaint, the City notes that a motion to dismiss this cause of action was granted with leave to amend on October 19, 2015 and was not timely amended, and as such does not require a response.  To the extent a response is required, the City denies each and every allegation set forth therein.

82.     In response to paragraph 82 of the First Amended Complaint, the City notes that a motion to dismiss this cause of action was granted with leave to amend on October 19, 2015 and was not timely amended, and as such does not require a response.  To the extent a response is required, the City denies each and every allegation set forth therein.

83.     In response to paragraph 83 of the First Amended Complaint, the City notes that a motion to dismiss this cause of action was granted with leave to amend on October 19, 2015 and was not timely amended, and as such does not require a response.  To the extent a response is required, the City denies each and every allegation set forth therein.

84.     In response to paragraph 84 of the First Amended Complaint, the City notes that a motion to dismiss this cause of action was granted with leave to amend on October 19, 2015 and was not timely amended, and as such does not require a response.  To the extent a response is required, the City denies each and every allegation set forth therein.

85.     In response to paragraph 84 of the First Amended Complaint, the City notes that a motion to dismiss this cause of action was granted with leave to amend on October 19, 2015 and was not timely amended, and as such does not require a response.  To the extent a response is required, the City denies each and every allegation set forth therein.

///

///

DEFENDANT CITY OF COLTON'S ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT

## SECOND CAUSE OF ACTION

(Intentional Infliction of Emotional Distress against All Defendants)

86.    Paragraph 86 does not require a response as it reincorporates prior paragraphs in the First Amended Complaint.  To the extent that a response is required, the City incorporates each of the prior responses to Paragraphs 1-85 as though fully set forth herein.

87.    In response to paragraph 87 of the First Amended Complaint, the City denies each and every allegation therein.

88.    In response to paragraph 88 of the First Amended Complaint, the City denies each and every allegation therein.

89.    In response to paragraph 89 of the First Amended Complaint, the City denies each and every allegation therein.

90.    In response to paragraph 90 of the First Amended Complaint, the City denies each and every allegation therein.

91.    In response to paragraph 91 of the First Amended Complaint, the City denies each and every allegation therein.

92.    In response to paragraph 92 of the First Amended Complaint, the City denies each and every allegation therein.

93.    In response to paragraph 93 of the First Amended Complaint, the City denies each and every allegation therein.

## THIRD CAUSE OF ACTION

(Violation of Right to Freedom from Unreasonable Seizure Against All Defendants)

94.    Paragraph 94 does not require a response as it reincorporates prior paragraphs in the First Amended Complaint.  To the extent that a response is required, the City incorporates each of the prior responses to Paragraphs 1-93 as though fully set forth herein.

95.     In response to paragraph 95 of the First Amended Complaint, the City notes that a motion  to dismiss this cause of action was granted as to the City with leave to amend on October 19, 2015 and was not timely amended, and as such does not require a response.  To the extent a response is required, the City admits that Plaintiff has constitutional rights under the Fourth and Fourteenth Amendments. The City denies the remaining allegations set forth therein.

96.     In response to paragraph 96 of the First Amended Complaint, the City notes that a motion to dismiss this cause of action was granted as to the City with leave to amend on October 19, 2015 and was not timely amended, and as such does not require a response.  To the extent a response is required, the City denies each and every allegation set forth therein.

97.     In response to paragraph 97 of the First Amended Complaint, the City notes that a motion to dismiss this cause of action was granted as to the City with leave to amend on October 19, 2015 and was not timely amended, and as such does not require a response.  To the extent a response is required, the City denies each and every allegation set forth therein.

98.     In response to paragraph 98 of the First Amended Complaint, the City notes that a motion to dismiss this cause of action was granted as to the City with leave to amend on October 19, 2015 and was not timely amended, and as such does not require a response.  To the extent a response is required, the City denies each and every allegation set forth therein.

99.     In response to paragraph 99 of the First Amended Complaint, the City notes that a motion to dismiss this cause of action was granted with leave to amend on October 19, 2015 and was not timely amended, and as such does not require a response.  To the extent a response is required, the City denies each and every allegation set forth therein.

100.   In response to paragraph 100 of the First Amended Complaint, the notes that a motion to dismiss this cause of action was granted with leave to amend

on October 19, 2015 and was not timely amended, and as such does not require a response.  To the extent a response is required, the City denies each and every allegation set forth therein.

## PRAYER FOR RELIEF

The City denies that Plaintiff is entitled to any of the relief sought, or at all, in any amount for any reason, and as alleged in Plaintiff's Prayer for Relief, Paragraphs (1) through and including Paragraph (8).

## AFFIRMATIVE DEFENSES

## FIRST AFFIRMATIVE DEFENSE

### (Failure to State a Claim)

The First Amended Complaint fails to state any claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

### (Probable Cause)

The First Amended Complaint fails because probable cause existed during the incident and events referred to in the Complaint.

## THIRD AFFIRMATIVE DEFENSE

### (Reasonable Conduct)

The First Amended Complaint fails to state any claim for relief where Defendant Morenberg and/or the City, where applicable, acted in an objectively reasonably fashion given the totality of the circumstances.

///

///

**FOURTH AFFIRMATIVE DEFENSE**

**(Qualified Immunity)**

The First Amended Complaint fails because Defendant Morenberg is shielded from liability by the doctrine of qualified immunity.

**FIFTH AFFIRMATIVE DEFENSE**

**(Plaintiff's Wrongful Conduct)**

The First Amended Complaint fails where Plaintiff's injuries or damages, if any, were caused by Plaintiff's own wrongful conduct.

**SIXTH AFFIRMATIVE DEFENSE**

**(Unclean Hands)**

The First Amended Complaint fails due to the equitable doctrine of unclean hands.

**SEVENTH AFFIRMATIVE DEFENSE**

**(Good Faith Acts)**

The First Amended Complaint fails to state any claim for relief where Defendant Morenberg and/or the City, where applicable, acted in good faith at all times material herein, based on all relevant facts and circumstances known at the time of any such actions.

**EIGHTH AFFIRMATIVE DEFENSE**

**(Defendants' Actions Were Not Proximate or Substantial Cause)**

Plaintiff is not entitled to relief against the City as sought by the First Amended Complaint on the ground that no conduct by or on behalf of Defendant Morenberg and/or the City, where applicable, was a proximate cause, substantial cause, or substantial factor in bringing about the damages alleged, if suffered.

### NINTH AFFIRMATIVE DEFENSE

### (Failure to Mitigate Damages)

Plaintiff is not entitled to relief against the City as sought by the First Amended Complaint to the extent the damages alleged, if suffered, were caused or contributed to by the failure, refusal or neglect of Plaintiff to take all necessary, reasonable, and proper steps to mitigate any damages.  Such acts or inaction, failure, refusal or neglect bars or diminishes any recovery that Plaintiff might otherwise be entitled to receive.

### TENTH AFFIRMATIVE DEFENSE

### (Acts or Omissions of Third Parties)

Plaintiff is not entitled to relief against the City as sought by the First Amended Complaint to the extent the damages alleged, if suffered, were caused or contributed to, by the acts and/or omissions of other parties, persons or entities. Accordingly, such acts and/or omissions were intervening and superseding causes of Plaintiff's alleged damages. (*Smiddy v Varney,* 665 F.2d 261 (9th Cir. 1981).)

### ELEVENTH AFFIRMATIVE DEFENSE

### (No Custom, Practice, or Policy)

The First Amended Complaint fails to state any claim for relief where Defendant Morenberg did not act according to any custom, practice, or policy and where the City cannot be held liable under the doctrine of *respondeat superior*.

### TWELFTH AFFIRMATIVE DEFENSE

### (Apportionment of Liability)

The City alleges that, to the extent Plaintiff is entitled to the relief sought by the First Amended Complaint, the damages alleged, if suffered, were caused or contributed to, by parties, persons or entities other than the City.  Accordingly, the

liability of all parties, named or unnamed, should be apportioned according to their relative degree of fault, and the liability of the City, if any, should be reduced.

## THIRTEENTH AFFIRMATIVE DEFENSE
### (No Constitutional Violation)

The First Amended Complaint fails to state any claim for relief where none of the acts or conduct or omissions described herein rises to the level of a constitutional violation.

## FOURTEENTH AFFIRMATIVE DEFENSE
### (Law Not Clearly Established)

The First Amended Complaint fails where the law was not clearly established at the time complained of therein.

## FIFTEENTH AFFIRMATIVE DEFENSE
### (No Supervisor Liability)

The First Amended Complaint fails to state any claim for relief where Defendants are not supervisors or policymakers, such that no supervisory liability can lie.

## SIXTEENTH AFFIRMATIVE DEFENSE
### (Statutory Authorization for Seizure of Evidence)

The First Amended Complaint fails to state any claim for relief where Defendant Morenberg had a good faith and reasonable belief in the validity of his actions, including the seizure of evidence, based on the reasonable belief that the item was evidence of a crime and subject to seizure as evidence pursuant to Vehicle Code Section 22655.5.

## SEVENTEENTH AFFIRMATIVE DEFENSE

### (Immunities)

The Complaint fails because the City is immune from liability pursuant to the provisions of California Government Code §§ 815.2, 818.8, 820.2, 820.6, 820.8 and/or 821.6,  among others.

## EIGHTEENTH AFFIRMATIVE DEFENSE

### (Discretionary Acts)

The First Amended Complaint fails because the City asserts that at all times mentioned in the First Amended Complaint, Defendant Morenberg exercised the discretion vested in him pursuant to California Government Code § 820.2.

## NINETEENTH AFFIRMATIVE DEFENSE

### (Privileged Conduct)

Plaintiff's claims, and to the extent that they arise under the laws of the State of California, fail where the conduct alleged was privileged under state law.

## TWENTIETH AFFIRMATIVE DEFENSE

### (Waiver)

Plaintiff is not entitled to relief against the City as sought by the First Amended Complaint to the extent Plaintiff's claims are barred by the equitable doctrine of waiver.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

### (Estoppel)

Plaintiff is not entitled to relief against the City as sought by the First Amended Complaint to the extent Plaintiff's claims are barred by the equitable doctrine of estoppel.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

### (Amendment)

The City reserves the right to further amend this Answer as additional affirmative defenses are discovered.

## DEMAND FOR JURY TRIAL

The City reserves its right to a jury trial on all issues so triable.

WHEREFORE, Defendant City of Colton prays for judgment as follows:

1.     That Plaintiff takes nothing;

2.     That the lawsuit be dismissed with prejudice;

3.     That Defendant City of Colton be awarded its costs and attorneys' fees to the maximum extent allowed by law; and

4.     For such other relief as the Court deems just and proper.

Date: December 11, 2015                    BEST BEST & KRIEGER LLP


                                           By: */s/ Dana M. Vessey*
                                              CHRISTOPHER M. PISANO
                                              DANA M. VESSEY
                                              Attorneys for Defendant
                                              CITY OF COLTON and
                                              JACK MORENBERG